AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
## Southern District of Texas

United States Courts
Southern District of Texas
FILED
*July 12, 2019*

David J. Bradley, Clerk of Court

United States of America
v.
James Agbeze
aka James Arua Agbeze

Defendant

Case No. **4:19mj1283**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of 07/11/2019 in the county of Harris in the Southern District of Texas, the defendant violated 18 U. S. C. § 111(a)(1) and (b), an offense described as follows:

Forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with any person designated in section of 1114 of this title while engaged in or on account of the performance of official duties.

This criminal complaint is based on these facts:

See attached Affidavit in support of the Criminal Complaint

☒ Continued on the attached sheet.

*Complainant's signature*

John P. Broderick, ICE Deportation Officer
*Printed name and title*

SUBSCRIBED TO AND SWORN TELEPHONICALLY on July 12, 2019.

Christina A. Bryan
United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, John Broderick, being duly sworn, hereby depose and say:

(1) That I am a Deportation Officer with the United States Immigration and Customs Enforcement (ICE, formerly known as the United States Immigration and Naturalization Service) and have been so employed since April 1, 2007. Prior to this assignment, I was a Special Agent with ICE during the time period of March 1, 2003 through March 31, 2007. My law enforcement career began on October 26, 1992, as a Special Agent of the former U.S. Immigration and Naturalization Service. I held this position until the former Immigration and Naturalization Service became a part of the newly formed Department of Homeland Security on March 1, 2003. I currently have over 26 years of immigration law enforcement experience.

(2) An examination of the Immigration and Customs Enforcement file A079 487 848, relating to James Agbeze, revealed the following information.

(3) DEFENDANT is a citizen and national of Nigeria.

(4) On September 25, 2016, the Houston Office of Immigration and Customs Enforcement (ICE) served the DEFENDANT, James Agbeze, aka: James Arua Agbeze, a Notice to Appear in support of removal proceedings under Section 240 of the Immigration and Nationality Act. ICE alleged the DEFENDANT: was not a citizen or national of the United States; that the DEFENDANT was a native and citizen of Nigeria; that the DEFENDANT was admitted to the United States at New York, New York, on or about September 28, 2005, as a Lawful Permanent Resident; and that on February 11, 2013, the DEFENDANT was convicted in the 180th District Court in Harris County, Texas for the offense of Aggregate Theft by a Government Contractor ($1500 - $20,000) in violation of Texas Penal Code 31.03(e)(1-6).

(5) On August 8, 2017, Immigration Judge Richard D. Walton ordered the DEFENDANT removed from the United States to Nigeria.

(6) On May 6, 2019, the Board of Immigration Appeals dismissed the DEFENDANT'S appeal and further ordered the motion to remand denied.

(7) On June 18, 2019, the United States Court of Appeals, Fifth Circuit, ordered the DEFENDANT'S opposed motion for stay of deportation pending review denied.

(8) On July 11, 2019, Houston ICE Deportation Officers Justin Vedder and Eugene Ramirez appeared at the Houston Bush International Airport (IAH) for the purpose of escorting the DEFENDANT on Delta flight # 976 scheduled to leave (IAH) at 3:48 pm enroute to Atlanta Hartsfield-Jackson International, Atlanta, Georgia (ATL). The flight to Atlanta was necessary as Agbeze was scheduled to board another flight, at a later time, on the same day to depart the United States from (ATL) and to effect his deportation to Nigeria pursuant to his final order of removal.

(9)   Houston ICE Deportation Officer Justin Vedder spoke with the DEFENDANT multiple times throughout the day pertaining to his pending removal. The DEFENDANT expressed concern about the validity of his removal order. Officer Vedder explained to the DEFENDANT that the removal order was valid, and that there weren't any stays or appeals pending to delay his removal from the United States. As a result of these conversations, the DEFENDANT became agitated and verbally aggressive, but did not show indications of assaultive or pre-assaultive behavior. The DEFENDANT was generally compliant with the removal process until boarding the aircraft.

(10)   Upon boarding the aircraft, Officers Vedder and Ramirez stopped to speak with the Captain to inform him that they were federal law enforcement officers and were flying armed. Officer Vedder explained to the Captain that he wasn't expecting any major trouble from the DEFENDANT although he was being verbally aggressive and argumentative. Officer Vedder stepped out of the cockpit, to allow Officer Ramirez to introduce himself to the Captain. At this time, the DEFENDANT stuck his hand in the cockpit while yelling at the Captain that he cannot be on the plane because he had a Stay of Removal. The Captain informed the DEFENDANT to comply with the orders given by ICE.

(11)   Officer Vedder then instructed the DEFENDANT to go with him to Row 39. The DEFENDANT walked to Row 39 and sat in the middle seat. Officers Vedder and Ramirez instructed the DEFENDANT to move to the window seat. The DEFENDANT questioned why he was being asked to change seats. Officers Vedder and Ramirez then instructed the DEFENDANT to move. The DEFENDANT raised his voice and demanded to make sure that he was sitting in the correct aisle. A flight attendant intervened and advised the DEFENDANT that he was, in fact, in the correct aisle. Officers Vedder and Ramirez again instructed the DEFENDANT to move and he once again refused to do so.

(12)   As a result of the DEFENDANT'S failure to comply with orders, Officers Vedder and Ramirez attempted to place handcuffs on the DEFENDANT. The DEFENDANT responded by resisting and raising his hands in a threatening manner. The DEFENDANT began screaming. Officers Vedder and Ramirez repeatedly instructed the DEFENDANT to relax and to stop resisting. The DEFENDANT disregarded instructions and continued to resist being handcuffed. The DEFENDANT became aggressive and struck Officer Vedder in the jaw on the right side of his face. Officer Vedder then employed a pressure point technique while continuing to try to handcuff the DEFENDANT. At some point during the scuffle, Officer Vedder was struck again, this time in the ribcage. Officer Vedder continued to try to handcuff the DEFENDANT. The DEFENDANT was still aggressively resisting Officer Vedder. After a few minutes, Officers Vedder and Ramirez were able to handcuff the DEFENDANT and remove him from the flight.

(13)   The DEFENDANT'S actions resulted in the following injuries to Officer Vedder: one quarter of the right pinky finger nail was ripped off; general cuts and scrapes; minor swelling, soreness to right side of jaw; minor discomfort of the ribcage; and minor swelling, soreness, and discomfort to the left middle finger.

(14) Based upon the foregoing information and my training and experience, there is probable cause to believe that James Agbeze, aka: James Arua Agbeze, is in violation of Title 18, United States Code, Section 111(a)(1) and (b), for Assault on a Federal Officer.

John Broderick, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

SUBSCRIBED TO AND SWORN TELEPHONICALLY on July 12, 2019.

Christina A. Bryan
United States Magistrate Judge